**Fill in this information to identify the case**

United States Bankruptcy Court for the:

_____ District of ___Delaware___
            (State)

Case number (*If known*): _____    Chapter __11__

☐  Check if this is
an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | PDM Holdings Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 46-5015025 |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 200 | Carillon Parkway | | | | |
| Number | Street | | Number | Street | |
| | | | P.O. Box | | |
| St. Petersburg | Florida | 33716 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| Pinellas County | | | |
|---|---|---|---|
| County | Number | Street | |

| | | | |
|---|---|---|---|
| City | State | ZIP Code | |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.catalina.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

WEIL:\96763620\5\34225.0004

Debtor    PDM Holdings Corporation

Name    Case number (if known)

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

5418 Advertising, Public Relations, and Related Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ Case number _____
                                                        MM/ DD/ YYYY
                 District _____ When _____ Case number _____
                                                        MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See Schedule 1    Relationship    See Schedule 1
                 District    See Schedule 1    When    See Schedule 1
                 Case number, if known _____    MM / DD/ YYYY

WEIL:\96763620\5\34225.0004

Debtor     PDM Holdings Corporation
Name                                                          Case number (if known)

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

| | |
|---|---|
| ■ | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

WEIL:\96763620\5\34225.0004

Debtor    PDM Holdings Corporation
          Name                                                    Case number (if known)

---

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 12, 2018
                MM/ DD /YYYY

✗    /s/ Shelly Schaffer                          Shelly Schaffer
     Signature of authorized representative of     Printed name
     debtor

     Executive Vice President & Chief Financial Officer
     Title

---

**18. Signature of attorney**

✗    /s/ Mark D. Collins                    Date    December 12, 2018
     Signature of attorney for debtor               MM / DD / YYYY

     Mark D. Collins                                Gary T. Holtzer
     Printed Name

     Richards, Layton & Finger, P.A.               Weil, Gotshal & Manges LLP
     Firm Name

     One Rodney Square, 920 North King Street      767 Fifth Avenue
     Number           Street

     Wilmington, Delaware 19801                     New York, New York 10153
     City / State / ZIP Code

     (302) 651-7700                                 (212) 310-8000
     Contact phone

     collins@rlf.com                                gary.holtzer@weil.com
     Email address

     2981             Delaware
     Bar Number       State

---

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              Page 4

WEIL:\96763620\5\34225.0004

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Checkout Holding Corp. | 18-_____( ) | December 12, 2018 | Delaware |
| Catalina Marketing Corporation | 18-_____( ) | December 12, 2018 | Delaware |
| Catalina Marketing Procurement, LLC | 18-_____( ) | December 12, 2018 | Delaware |
| Catalina Marketing Technology Solutions, Inc. | 18-_____( ) | December 12, 2018 | Delaware |
| Catalina Marketing Worldwide, LLC | 18-_____( ) | December 12, 2018 | Delaware |
| Cellfire Inc. | 18-_____( ) | December 12, 2018 | Delaware |
| Modiv Media, Inc. | 18-_____( ) | December 12, 2018 | Delaware |
| PDM Group Holdings Corporation | 18-_____( ) | December 12, 2018 | Delaware |
| PDM Holdings Corporation | 18-_____( ) | December 12, 2018 | Delaware |
| PDM Intermediate Holdings A Corporation | 18-_____( ) | December 12, 2018 | Delaware |
| PDM Intermediate Holdings B Corporation | 18-_____( ) | December 12, 2018 | Delaware |

WEIL:\96763620\5\34225.0004

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS OF
# PDM HOLDINGS CORPORATION

The undersigned, being all of the members of the Board of Directors (the "**Board**") of PDM Holdings Corporation, a Delaware corporation, (the "**Company**"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, hereby consent to, authorize, approve, ratify and confirm the following resolutions and actions described herein with respect to the Company by written consent, as of this eleventh day of December, 2018, which shall have the same force and effect, for all purposes, as if such actions had been taken and adopted at a formal meeting:

**WHEREAS,** the Board has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to them and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and have considered, the strategic alternatives available to the Company; and

**WHEREAS**, the Board desires to approve the following resolutions.

## I.     Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED,** that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED,** that any officer of the Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (each, a "**Chapter 11 Case**"), including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to

the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

## II.     Restructuring Support Agreement; Plan and Disclosure Statement

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Board; and be it further

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to file with the Bankruptcy Court a plan of reorganization (the "**Plan**") and the corresponding disclosure statement (the "**Disclosure Statement**"), in each case, on terms and conditions substantially similar to those set forth in the form of Plan and Disclosure Statement previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that the form, terms and provisions of the Plan and Disclosure Statement and all the exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Plan and Disclosure Statement and such other documents, agreements, instruments and certificates as may be required or contemplated by the Plan and Disclosure Statement, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, the Plan and Disclosure Statement, substantially in the forms previously presented to the Board, together with

such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Plan and Disclosure Statement; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Restructuring Support Agreement, Plan and Disclosure Statement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to guarantee the obligations of Checkout Holding Corp., a Delaware corporation (the "**DIP Facility Borrower**") under the DIP Credit Agreement (as defined below), and to consummate the transactions under that certain senior secured super priority debtor-in-possession term loan credit facility in an aggregate principal amount of up to $275,000,000 consisting of two tranches: (i) a $125,000,000 multiple draw senior secured term loan facility and (ii) a $150,000,000 tranche of term loans to be evidenced by that certain Senior Secured Super Priority Debtor-In-Possession Credit Agreement, by and among, the DIP Facility Borrower and the other guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and JPMORGAN CHASE BANK, N.A., as administrative agent for the Lenders (in such capacity and together with its successors, the "**Administrative Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**"; capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and any DIP Financing Documents (as defined below) to which the Company is a party, the consummation by the Company of the transactions contemplated thereunder, including the guaranty of the obligations thereunder as provided in any guaranty, the grant of a security interest in and liens upon substantially all of the Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto (each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and

any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Dip Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Administrative Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property (including other real property) of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Administrative Agent, and to authorize, execute, verify, file and/or deliver to the Administrative Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or

advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## IV.    Retention of Advisors

**RESOLVED**, that, in connection with the Company's Chapter 11 Case, any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, or desirable in connection with such employment and retention of professionals set forth in this resolution, with the view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of FTI Consulting, Inc., located at Three Times Square, 9th Floor, New York, NY 10036, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Centerview Partners LLC, located at 31 West 52nd Street, New York, NY 10019, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at 830 Third Avenue, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## V.    General Authorization and Ratification

**RESOLVED,** that any Authorized Officers, in each case acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED,** that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED,** the secretary or assistant secretary of the Company is authorized to place a copy of these resolutions in the official records of the Company to document the actions set forth herein as actions taken by the Board; and be it further

## VI.    Subsidiary Actions

**RESOLVED,** that the Board hereby authorizes and instructs the governing bodies of each of the Company's subsidiaries to adopt substantially similar resolutions to the resolutions set forth above; and be it further

**RESOLVED,** that any Authorized Officer is hereby authorized and directed to execute, on behalf of the Company in its capacity as member, shareholder, partner or equivalent thereof of any subsidiary of the Company, any stockholder, shareholder, member, partner or similar consent required or requested by any subsidiary of the Company to authorize it to take any of the actions contemplated by the Restructuring Support Agreement, including the Plan and Disclosure Statement or filing of the Chapter 11 Case.

[*Signature Page to Follow*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By: _____
Thomas Y. Kuo
Director

By: _____
Joshua A. Lutzker
Director

By: _____
Gregory M. Delaney
Director

By: _____
Tod Johnson
Director

By: _____
Dr. Christos Cotsakos
Director

By: _____
Brian P. Kelley
Director

*Signature Page to Unanimous Written Consent of the Board of Directors of PDM Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By: _____

Thomas Y. Kuo
Director

By: _____

Joshua A. Lutzker
Director

By: _____

Gregory M. Delaney
Director

By: _____

Tod Johnson
Director

By: _____

Dr. Christos Cotsakos
Director

By: _____

Brian P. Kelley
Director

*Signature Page to Unanimous Written Consent of the Board of Directors of PDM Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By: _____
      Thomas Y. Kuo
      Director

By: _____
      Joshua A. Lutzker
      Director

By: _____
      Gregory M. Delaney
      Director

By: _____
      Tod Johnson
      Director

By: _____
      Dr. Christos Cotsakos
      Director

By: _____
      Brian P. Kelley
      Director

*Signature Page to Unanimous Written Consent of the Board of Directors of PDM Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By:    _____
Thomas Y. Kuo
Director

By:    _____
Joshua A. Lutzker
Director

By:    _____
Gregory M. Delaney
Director

By:    _____
Tod Johnson
Director

By:    *Christos Cotsakos*
        DocuSigned by:
        DF4A9CFE5B90475
Dr. Christos Cotsakos
Director

By:    _____
Brian P. Kelley
Director

*Signature Page to Unanimous Written Consent of the Board of Directors of PDM Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By: _____
Thomas Y. Kuo
Director

By: _____
Joshua A. Lutzker
Director

By: _____
Gregory M. Delaney
Director

By: _____
Tod Johnson
Director

By: _____
Dr. Christos Cotsakos
Director

By: _____
Brian P. Kelley
Director

**Fill in this information to identify the case:**

Debtor name: <u>PDM Holdings Corporation</u>

United States Bankruptcy Court for the District of <u>Delaware</u>
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Crescent Mezzanine Partners Attn.: Daniel Honeker 1251 Avenue of the Americas Suite 4700 New York, NY 10020 | Attn.: Daniel Honeker Phone: (212) 364-0200 Email: Daniel.Honeker@crescentcap.com | HoldCo Notes | | | | $200,315,180.90 |
| 2 | NPS/Crescent Strategic Partnership Attn.: Daniel Honeker 1251 Avenue of the Americas Suite 4700 New York, NY 10020 | Attn.: Daniel Honeker Phone: (212) 364-0200 Email: Daniel.Honeker@crescentcap.com | HoldCo Notes | | | | $85,133,951.90 |
| 3 | AlpInvest Partners Mezzanine Co-Investments Attn.: Cameron Fairall 630 Fifth Avenue New York, NY 10111 | Attn.: Cameron Fairall Phone: (212) 332-6240 Email: cameron.fairall@alpinvest.com | HoldCo Notes | | | | $50,078,795.20 |
| 4 | GoldPoint Mezzanine Partners Attn.: Thomas Haubenstricker 51 Madison Avenue New York, NY 10010 | Attn.: Thomas Haubenstricker Phone: (212) 576-6500 Email: thaubenstricker@goldpointpartners.com | HoldCo Notes | | | | $48,409,502.10 |
| 5 | Nielsen Catalina Solutions Attn.: Matt O'Grady 500 Fifth Avenue, 56th floor New York, NY 10110 | Attn.: Matt O'Grady Phone: (513) 488-8333 Email: NCSfinance@ncsolutions.com | Trade | Disputed | | | $3,479,147.80 |
| 6 | Epson America Inc. Attn.: Antonia Legaspi 3840 Kilroy Airport Way Long Beach, CA 90806 | Attn.: Antonia Legaspi Phone: (800) 463-7766 Email: antonia.legaspi@ea.epson.com | Trade | | | | $2,278,354.40 |
| 7 | 4Info, Inc. Attn.: Ed Koenig 155 Bovet Road, Suite 200 San Mateo, CA 94402 | Attn.: Ed Koenig Phone: (650) 350-4747 Email: ekoenig@4info.com | Trade | | | | $2,230,371.20 |

WEIL:\96763620\5\34225.0004

| Debtor | PDM Holdings Corporation | | Case number (if known) | | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  Bain & Company, Inc. Attn.: Sarah Solomon 131 Dartmouth St Boston, MA 02216 | Attn.: Sarah Solomon Phone: (617) 572-2000 Email: sarah.solomon@bain.com | Professional Services | Disputed | | | $1,800,000.00 |
| 9  Mindtree Limited Attn.: Jayaprakash Nayak 25 Independence Blvd., Suite 401 Warren NJ 7059 | Attn.: Jayaprakash Nayak Phone: (201) 301-5374 Email: mailto:Jayaprakash.SN@mindtree.com | Trade | | | | $1,000,287.30 |
| 10  Inmar Digital Promotions Network, Inc. 635 Vine Street Attn.: Mark McClelland Winston-Salem, NC 27101 | Attn.: Mark McClelland Phone: (800) 765-1277 Email: mark.mcclelland@inmar.com | Trade | | | | $917,345.00 |
| 11  CDW Direct Attn.: Michael Fabianski 200 N Milwaukee Ave Vernon Hills, IL 60061 | Attn.: Michael Fabianski Phone: (813) 574-5454 Email: michfab@cdw.com | Trade | | | | $827,420.50 |
| 12  Andy Heyman | Address on File | Severance | | | | $680,770.00 |
| 13  Presidio Networked Solutions LLC Attn.: Mike Deeb 12120 Sunset Hills Road, Suite 202 Reston, VA 20190 | Attn.: Mike Deeb Phone: (813) 416-6916 Email: mdeeb@presidio.com | Trade | | | | $619,183.20 |
| 14  Pomeroy IT Solutions Sales Company, Inc. dba Getronics Attn.: David Halbig 1020 Petersburg Road Hebron, KY 41048 | Attn.: David Halbig Phone: (859) 586-0600 Email: david.halbig@pomeroy.com | Trade | | | | $580,944.30 |
| 15  Contec Americas, Inc. Attn.: Brad Jens 1601 Cloverfield Blvd, #620S Santa Monica, CA 90404 | Attn.: Brad Jens Phone: (321) 821-7059 Email: brad.jens@dtx.com | Trade | | | | $541,615.50 |
| 16  Open Insights, LLC Attn.: Lena Estatieh P.O. Box 50507 Bellevue, WA 98015 | Attn.: Lena Estatieh Phone: (206) 256-2029 Email: lena@open-insights.com | Trade | | | | $530,206.90 |
| 17  Beeswax IO Corporation Attn.: Ari Paparo 149 5th Avenue, Floor 3 New York, NY 10010 | Attn.: Ari Paparo Phone: (917) 576-1488 Email: ari@beeswax.com | Trade | | | | $507,690.80 |
| 18  Todd Morris | Address on File | Severance | | | | $499,359.00 |
| 19  GlobalLogic, Inc Attn.: Chidu Nachiappan 1741 Technology Drive, 4th Floor San Jose, CA 95110 | Attn.: Chidu Nachiappan Phone: (425) 628-9738 Email: chidu.nachiappan@globallogic.com | Trade | | | | $470,663.30 |

Official Form 204     List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     Page 2

| Debtor | PDM Holdings Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Gregory Mann | Address on File | Severance | | | | $432,692.30 |
| 21 | Partegra LLC Attn.: Anthony Siracuse 321 E. Exchange Pkwy. Allen, TX 75002 | Attn.: Anthony Siracuse Phone: (214) 644-6123 Email: asiracuse@partegra.com | Trade | | | | $391,435.00 |
| 22 | Ray Lewis | Address on File | Severance | | | | $369,230.80 |
| 23 | Ben Sprecer | Address on File | Severance | | | | $242,307.70 |
| 24 | Advanced Systems Attn.: Tippi Leska 15373 Roosevelt Blvd., Suite 200 Clearwater, FL 33760 | Attn.: Tippi Leska Phone: (727) 539-8054 Email: tippi.leska@advsys.us | Trade | | | | $240,648.30 |
| 25 | Trintas, LLC. Attn.: Anthony Siracuse 321 E. Exchange Pkwy. Allen, TX 75002 | Attn.: Anthony Siracuse Phone: (214)644-6123 Email: asiracuse@trintas.com | Trade | | | | $240,528.70 |
| 26 | Genpact International Inc. Attn.: Bhava Kompala 1000 Hawkins Blvd., Suite A El Paso, TX 79915 | Attn.: Bhava Kompala Phone: (847) 668-6749 Email: Bhava.Kompala@genpact.com | Professional Services | | | | $211,270.50 |
| 27 | Celtra, Inc. Attn.: Mark Dorman 545 Boylston Street, 11th Floor Boston, MA 02116 | Attn.: Mark Dorman Phone: (617) 401-2262 Email: Mark.dorman@celtra.com | Trade | | | | $154,811.00 |
| 28 | United Parcel Service Attn.: Trevor Grech P.O. Box 7247-0244 Philadelphia, PA 19170 | Attn.: Trevor Grech Phone: (941) 686-6203 Email: tgrech@ups.com | Trade | | | | $151,201.80 |
| 29 | Veredus Corp Attn.: Andy Stenler 4300 West Cypress Street, Suite 900 Tampa, FL 33607 | Attn.: Andy Stenler Phone: (813) 293-9360 Email: Andy.Stenler@hays.com | Trade | | | | $147,457.50 |
| 30 | Mark Davies | Address on File | Severance | | | | $136,950.50 |

WEIL:\96763620\5\34225.0004

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name: <u>PDM Holdings Corporation</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the District of <u>Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>): _____</td></tr>
</table>

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>December 12, 2018</u>      X  <u>/s/ Shelly Schaffer</u>
MM  /DD /YYYY                                  Signature of individual signing on behalf of debtor

<u>Shelly Schaffer</u>
Printed name

<u>Executive Vice President & Chief Financial Officer</u>
Position or relationship to debtor

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

</div>

```
---------------------------------------------------------- X
                                                           :
In re                                                      :     Chapter 11
                                                           :
CHECKOUT HOLDING CORP., et al.,                            :     Case No. 18-[_____] (____)
                                                           :
            Debtors.¹                                      :     Joint Administration Requested
                                                           :
---------------------------------------------------------- X
```

<div align="center">

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

</div>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, annexed hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Checkout Holding Corp. ("**CHC**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1.     PDM Group Holdings Corporation, which is the ultimate parent company of CHC, owns 100% of the common stock of PDM Intermediate Holdings A Corporation ("**Holdings A**").

2.     Holdings A has a 100% ownership of the common stock of PDM Intermediate Holdings B Corporation ("**Holdings B**").

3.     Holdings B owns 100% of the common stock of PDM Holdings Corporation ("**PDM Holdings**").

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Catalina Marketing Corporation (9007); Catalina Marketing Procurement, LLC (9333); Catalina Marketing Technology Solutions, Inc. (8728); Catalina Marketing Worldwide, LLC (9687); Cellfire Inc. (5599); Checkout Holding Corp. (4651); Modiv Media, Inc. (3507); PDM Group Holdings Corporation (9148); PDM Holdings Corporation (5025); PDM Intermediate Holdings A Corporation (6409); and PDM Intermediate Holdings B Corporation (3278). The Debtors' principal offices are located at 200 Carillon Parkway, St. Petersburg, FL 33716.

4.      CHC is a wholly owned subsidiary of PDM Holdings and CHC owns 100% of the common stock of Catalina Marketing Corporation ("**CMC**").

5.      Each of the following Debtors are wholly owned subsidiaries of CMC:

      a.      Catalina Marketing Procurement, LLC;

      b.      Catalina Marketing Technology Solutions, Inc.;

      c.      Catalina Marketing Worldwide, LLC;

      d.      Cellfire Inc.; and

      e.      Modiv Media, Inc.

6.      An organizational chart that illustrates the Debtors' corporate structure is attached as **<u>Exhibit A</u>**.

WEIL:\96763620\5\34225.0004

## Exhibit A

**Organizational Chart**



CATALINA
Legend
Non-Debtor
Debtor
JV Partner
PDM Group Holdings Corporation
PDM Intermediate Holdings A Corporation
PDM Intermediate Holdings B Corporation
PDM Holdings Corporation
Checkout Holding Corp.
Catalina Marketing Corporation
The Nielsen Company (US), LLC
63.5%
36.5%
NC Ventures, LLC
Cellfire Inc.
Modiv Media, Inc.
Catalina Marketing Procurement, LLC
Catalina Electronic Clearing Services, Inc.
Catalina Marketing Loyalty Holdings Inc.
Catalina Digital Holdings, LLC
Catalina Marketing Technology Solutions, Inc.
Catalina Marketing Worldwide, LLC
Supermarkets Online Holdings, Inc.
Supermarkets Online, Inc.
1%
99%
CM International C.V.
20%
80%
Catalina-Pacific Media, LLC
Catalina Marketing Japan K.K.
CMJ Investments, L.L.C.
Catalina Marketing Italia, S.R.L.
Catalina Marketing Deutschland GmbH
Catalina Marketing Costa Rica, S.R.L.
Catalina Marketing Bermuda Ltd.
Catalina Marketing Coöperatief U.A.
Catalina Marketing International B.V.
Catalina Marketing (Shanghai) Co., Ltd.
Catalina Marketing U.K. Limited
Catalina Marketing France, S.A.S.
Savings4Me, Ltd

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: <u>PDM Holdings Corporation</u>

United States Bankruptcy Court for the District of <u>Delaware</u>
                                                        (State)

Case number (*If known*):  _____

## <u>Official Form 202</u>

### Declaration Under Penalty of Perjury for Non-Individual Debtors                                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.
I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration <u>Consolidated Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.



Executed on <u>December 12, 2018</u>          <u>/s/ Shelly Schaffer                              </u>
            MM  /DD /YYYY                      Signature of individual signing on behalf of debtor

                                              <u>Shelly Schaffer                                 </u>
                                              Printed name

                                              <u>Executive Vice President & Chief Financial Officer       </u>
                                              Position or relationship to debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re                                        :
                                             :        Chapter 11
                                             :
PDM HOLDINGS CORPORATION                     :        Case No. 18– _____ (   )
                                             :
                                             :
           Debtor.                           :
-------------------------------------------------------- x
```

### LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒ The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| PDM Intermediate Holdings B Corporation<br>200 Carillon Parkway<br>St. Petersburg, Florida 33716 | Common Stock | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

List of Equity Holders

**Fill in this information to identify the case:**

Debtor name: _PDM Holdings Corporation_

United States Bankruptcy Court for the District of _Delaware_
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration _List of Equity Holders_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _December 12, 2018_      X  _/s/ Shelly Schaffer_
MM / DD /YYYY                              Signature of individual signing on behalf of debtor

_Shelly Schaffer_
Printed name

_Executive Vice President & Chief Financial Officer_
Position or relationship to debtor